UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES POLLOCK, Jr.,** | **2:24-CV-12731 TGB-APP** |
| Petitioner, | |
| | HON. TERRENCE G. BERG |
| v. | |
| | **OPINION AND ORDER** |
| **ERIC RARDIN,** | **DISMISSING WITHOUT** |
| Respondent. | **PREJUDICE HABEAS CORPUS** |
| | **PETITION** |

Charles Pollock, Jr. ("Petitioner"), incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1.

Petitioner alleges that the Bureau of Prisons ("BOP") has failed to apply the time credits he received under the First Step Act ("FSA") to release him to prerelease custody, either in a Residential Reentry Center or in Home Confinement, under 18 U.S.C. § 3624. Petitioner also alleges that the BOP failed to give him the proper credit towards his sentence for the entire time that he has been incarcerated. Respondent answered that the case should be dismissed because Petitioner failed to exhaust his administrative remedies. ECF No. 6. Petitioner filed a Reply to the Answer, ECF No. 8, and an Addendum to the Reply, ECF No. 9.

For the reasons that follow, the petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 is summarily dismissed without prejudice.

## I. BACKGROUND

Petitioner was convicted by a jury in the United States District Court for the Central District of Illinois of unlawful possession of a firearm, unlawful possession of ammunition, and attempted witness tampering. Petitioner was sentenced to 240 months in prison. Petitioner's conviction was affirmed on appeal. *United States v. Pollock*, 757 F.3d 582, 585 (7th Cir. 2014), *cert. den.* 574 U.S. 1095 (2015). Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied. *Pollock v. United States*, 2016 WL 7156459 (C.D. Ill. Dec. 7, 2016), *aff'd*, 710 F. App'x 253 (7th Cir. 2018).

Petitioner then attempted to challenge his conviction again by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which was denied. *Pollock v. Kallis*, 2021 WL 799460 (D. Minn. Jan. 13, 2021), *report and recommendation adopted*, 2021 WL 1118051 (D. Minn. Mar. 24, 2021), *aff'd*, 858 F. App'x 205 (8th Cir. 2021). Around the same time, Petitioner also filed another petition for a writ of habeas corpus challenging the BOP's custody classification of him under 28 U.S.C. § 2241, which was also denied. *Pollock v. Kallis*, 2021 WL 3476627 (D. Minn. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 2710013 (D. Minn. July 1, 2021), *aff'd sub nom. Pollock v. Marske*, 2022 WL 1218640 (8th Cir. 2022).

Petitioner has now filed the current petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the BOP's calculation of his

sentence credit and eligibility for prerelease custody. ECF No. 1, PageID.1. More specifically, Petitioner seeks habeas relief on the following grounds:

> (1) The BOP has failed to transfer Petitioner to prerelease custody pursuant to 18 U.S.C. § 3624 in a Residential Reentry Center ("RRC") or Home Confinement ("HC") despite Petitioner being told that he would be considered for a 28-month transfer to an RRC or HC on May 10, 2024;

> (2) Petitioner was eligible for release to prerelease custody on June 2, 2024, but the BOP erred in calculating his earliest prerelease date as being May 10, 2025, based on the BOP's failure to take into account the thirteen years Petitioner has been in BOP custody;

> (3) The BOP has failed to comply with the provisions of the Second Chance Act, which mandate Petitioner's release to prerelease custody; and,

> (4) Petitioner is entitled to 540 days of good time credit for each of the separate 10-year sentences that he received.

ECF No. 1, PageID.6-8.

Respondent argues that the petition should be dismissed because Petitioner failed to exhaust his administrative remedies, or in the alternative, because the BOP correctly calculated his prerelease placement date.[1] ECF No. 6, PageID.28. Petitioner filed a Reply, in which

---

[1] As of November 7, 2024, Respondent explains that in a best-case scenario, Pollock's FSA conditional placement date is September 26, 2025. Declaration of M. Burnett, ECF No. 6-2, PageID.44, ¶ 8. The Bureau of Prisons referred Pollock for placement at a residential reentry center on August 6, 2025. *Id.* at ¶ 10.

he argues he adequately exhausted his administrative remedies or that in the alternative it would be futile to do so, and that his prerelease date has been incorrectly calculated. ECF No. 8, PageID.63. Petitioner later filed an additional letter in support of his Reply brief, which reiterated his position that his prerelease date is incorrect. ECF No. 9, PageID.88.

## II. LEGAL STANDARD

A federal habeas corpus petitioner is required to exhaust his administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013); *see also United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit."); *Andrews v. Hemingway*, 2022 WL 350167, at *2 (E.D. Mich. Feb. 4, 2022)(Parker, J.) (dismissing § 2241 petition based on prisoner's failure to exhaust administrative remedies, where prisoner alleged BOP did not properly award FSA time credits). The failure to exhaust administrative remedies is an affirmative defense, *see Luedtke*, 704 F.3d at 466, that the Respondent is required to prove.

Proper exhaustion of administrative remedies requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)," including compliance with the agency's "deadlines and other critical procedural rules." *Woodford v. Ngo,* 548 U.S. 81, 90—91 (2006) (citation omitted). For federal prisoners, that

means exhausting the BOP's Administrative Remedy Program, which allows an inmate to seek formal review of an issue relating to any aspect of his confinement. 28 C.F.R. § 542.10(a). Absent any exceptions, the BOP's regulatory regime for prisoner grievances sets out four steps:

> (1) seeking informal resolution with a staff member within 20 days, § 542.13;
>
> (2) submitting a formal grievance to the Warden on a 'BP–9' form, § 542.14;
>
> (3) appealing to the Regional Director on a 'BP–10' form within 20 days of the Warden's response to the formal grievance, § 542.15; and,
>
> (4) appealing to the General Counsel of the Central Office on a 'BP–11' form within 30 days of the Regional Director's response to the appeal, § 542.15.

28 C.F.R. §§ 542.13–15; *see also Risher v. Lappin*, 639 F.3d 236, 238–39 (6th Cir. 2011) (describing the same). Nevertheless, an inmate may file directly at the Regional Level (skipping steps 1 and 2) if the inmate "reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution." 28 C.F.R. § 541.14(d)(1). Furthermore, "[i]f the inmate does not receive a response within the time allotted for the [responsible administrator to] reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Risher,* 639 F.3d at 239 (citing § 542.18).

### III. DISCUSSION

### A. Failure to Exhaust Administrative Remedies

Respondent argues Petitioner failed to exhaust his administrative remedies. Respondent acknowledges Pollock submitted a remedy request (1215605-R1) concerning FSA time credits, which was received by the Regional Office on October 15, 2024. Declaration of S. Allison-Love, ECF No. 6-3, PageID.55, ¶ 4. That request was denied because Pollock did not first submit his request to the Warden at the institutional level (step 2), the request did not meet the criteria for a "sensitive filing" to warrant submission directly to the Regional Level (step 3), and in any event, Pollock did not use the proper form. *Id*. The rejection notice told Pollock exactly what to do to comply with the required process, that is "appeal this issue at the institution level first utilizing the appropriate form." *Rejection Notice*, ECF No. 6-3, PageID.60. But instead of submitting his request to the Warden as instructed (step 2) or even filing an appeal with the General Counsel of the Central Office (step 4), Pollock filed the instant petition on October 16, 2024—just one day after the Central Office received his request. Thus, it appears Petitioner failed to exhaust his administrative remedies prior to filing his habeas petition.

To rebut this argument, Petitioner claims that he attempted to address the prerelease custody issue through the informal resolution process with Warden Rardin. ECF No. 8, PageID.64. First, Pollock

6

explains that he filed a written "cop-out"[2] with Warden Rardin on October 6, 2024. *Id*. Second, he states that he approached Warden Rardin about the prerelease date issue at "main line" on October 9, 2024, but that Warden Rardin told him to "go away before you piss me off." *Id*. The same day, Petitioner submitted a second "cop-out" with Unit Manager Kirk regarding the issue and followed-up with an email to Kirk the same day. *Id*. Petitioner claims he never received any responses to his "cop-outs." *Id*. Petitioner has attached these documents to his reply. *Id*. at PageID.73—76.

But informal resolution does not save Petitioner's claim from the exhaustion requirement. *First*, some courts have held that a "cop-out" does not satisfy the exhaustion requirement. *See, e.g.*, *Quintana-Navarette v. Garcia*, 361 F. App'x 951, 954–55 (10th Cir. 2010) (finding that "cop-outs" that federal prisoner allegedly submitted to prison staff complaining of wrongful denial of good time credits did not satisfy habeas exhaustion requirement of informal request for administrative relief).

*Second*, even assuming that Petitioner's "cop-outs" satisfy the informal resolution requirement (step 1), he nonetheless never filed a formal grievance using a BP-9 with the Warden (step 2). The fact that he did not receive a response after his informal requests does not excuse the

---

[2] A "cop-out" is an informal procedure which is officially called an "Inmate Request to Staff" or a BP–AO148. *See Schaefer v. Bezy*, 435 F. App'x 550, 551 (7th Cir. 2011).

failure to file a formal request with the Warden since a prisoner may consider a lack of response within the allotted time "to be a denial at that level." *See* 28 C.F.R. § 542.18.

*Third*, while an inmate may file a "sensitive" request directly with the Regional Office (step 3) without going through the informal process and formal request to the Warden, the Regional Office denied Pollock's remedy request because it was not a sensitive filing and therefore Pollock needed to seek formal relief (with the proper form) at the Warden level. *Rejection Notice*, ECF No. 6-3, PageID.60. When a prisoner's grievance that is filed directly with the Regional Director is rejected as not being sensitive, as Pollock's was, the prisoner shall have a reasonable extension of time to pursue the matter by submitting an Administrative Remedy request locally to the Warden. 28 C.F.R. § 542.14(d)(1).

But a prisoner who fails to file a formal grievance at the institutional level following the rejection of his direct request to the Regional Director as non-sensitive is deemed not to have exhausted his administrative remedies in a procedurally correct manner. *See Smith v. Fed. Bureau of Prisons Dir.*, 406 F. App'x 578, 581 (3rd Cir. 2011) (holding that prisoner's failure to re-file grievances rejected as non-sensitive failed to exhaust his administrative remedies); *Wade v. United States*, 311 F. App'x 245, 246 (11th Cir. 2009) (finding that prisoner failed to exhaust her administrative remedies where she did not file a formal request at the institutional level after her sensitive request was denied). Here, there

is no indication that Petitioner attempted either to appeal the Regional Director's determination that his request was not sensitive[3] or to properly file a formal grievance with the Warden, even though he was permitted to do so. *See Rejection Notice*, ECF No. 6-3, PageID.60. Thus, Pollock has not exhausted his claim through the administrative process.

*Fourth*, Pollock also never attempted to file an appeal with the Office of General Counsel (step 4) before filing the instant habeas petition. Regardless of "whether or not the prison responds to a grievance, the inmate must appeal within the hierarchy, a process that ends only when the grievance has been presented to the General Counsel of the Bureau of Prisons." *Ingram v. Watson*, 67 F.4th 866, 869 (7th Cir. 2023); *see also* C.F.R. § 542.15 ("Appeal to the General Counsel is the final administrative appeal."). Petitioner did not file an appeal with the Office of General Counsel, thus his claims remain unexhausted. *See United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) (holding that petitioner did not exhaust his administrative remedies where he did not appeal the regional decision to the BOP's Office of General Counsel).

---

[3] Pollock does not dispute the Regional Director's determination that the request was not sensitive, and rightly so, as nothing in the record suggests his request would place his safety or well-being in danger should it be known at the institution. *See Jeanes v. United States Dep't of Just.*, 231 F. Supp. 2d 48, 51 (D.D.C. 2002) ("Absent a specific and reasoned basis to do so, this Court should not second-guess the administrative agency's decisions that the plaintiff's claims are not sufficiently sensitive.").

## B. Futility Exception to Exhaustion

Nonetheless, a petitioner's failure to exhaust administrative remedies "may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini*, 473 F.3d at 236. Here, Petitioner argues that it would be futile to exhaust because the passage of time while awaiting a response from the Central Office (step 4) would moot the legal issues raised because his purported release date—May 10, 2024—has already passed. ECF No. 8, PageID.65. The Court recognizes Petitioner's relevant citation to *O'Hara v. Rios* for the proposition that "it would be unreasonable to require [the petitioner] to adhere to an administrative timetable that will not be completed until his sentence is complete and this action is moot." 2009 WL 3164724, at *1 n.2 (D. Minn. Sept. 28, 2009). But the District of Minnesota stated so in dicta and did not address the question of whether the petitioner should have been required to exhaust his administrative remedies. *Id.*

To the contrary, multiple courts "have rejected the notion that already-passed or impending release, at least according to the petitioner's calculations, is sufficient to deem exhaustion futile," especially when the Petitioner himself is responsible for the delay in the administrative process. *DeLeo v. Paul*, 2023 WL 5945868, at *3 (E.D. Ky. Aug. 22, 2023) (rejecting futility argument where petitioner "waited several months to file a grievance with the warden after becoming aware of the grounds upon which he could seek relief"); *see also Gongora-Baltan*

*v. Healy*, 2024 WL 4993599, at *2 (N.D. Ohio Nov. 12, 2024) (rejecting futility argument based on petitioner not having "enough time to pursue his remedies before his release date" where Petitioner "made no efforts to comply with the BOP's administrative process, and instead, he filed a petition in federal court"); *Cargill v. Healy*, 2024 WL 1683600, at *2 (N.D. Ohio Mar. 1, 2024), *report and recommendation adopted*, 2024 WL 1676857 (N.D. Ohio Apr. 18, 2024) (same); *Clark v. Allenwood*, 665 F. App'x 136, 138 (3d Cir. 2016) (noting that the petitioner's "belief that the BOP will not act on his grievance before he is released from custody does not make the administrative remedy system futile" because the petitioner's failure to file a grievance with the BOP was not due to the administrator).

While the petitioner in *O'Hara* properly appealed his request to the last step and was awaiting the final response from the Central Officer when he filed his habeas petition, Petitioner here did not appeal his remedy request to the Central Office, let alone to the Warden, before filing the instant petition. Furthermore, while Petitioner claims his prerelease placement date of "May 10, 2024" already passed, he does not explain why he waited seven months before starting the administrative process. *See DeLeo v. Paul*, 2023 WL 5945868, at *3.

Furthermore, he offers no proof that the BOP gave him such a prerelease placement date of May 10, 2024, and Respondent indicates that Pollock's projected FSA conditional placement date, in a best-case

scenario, is September 26, 2025.[4] Petitioner has thus failed to show that it would be futile for him to exhaust his administrative remedies. *See Alvarez-Perez v. Holland*, No. 12-199, 2013 WL 308878, at *2 (E.D. Ky. Jan. 25, 2013) (rejecting habeas petitioner's claim that his approaching release should excuse exhaustion where the petitioner "provided no documentation whatsoever upon which to determine the reasons for the BOP's calculation of his good time credits").

Thus, Petitioner failed to show that it would be futile to exhaust his claim. Because Petitioner failed to exhaust his available administrative remedies prior to filing his petition, the petition shall be dismissed without prejudice. *See, e.g.*, *Gates-Bey v. U.S. Parole Com'n,* 9 F. App'x 308, 310 (6th Cir. 2001).

## IV. CONCLUSION

It is **HEREBY ORDERED** that the petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004). Therefore, Petitioner need not apply for one with

---

[4] Declaration of M. Burnett, ECF No. 6-2, PageID.44, ¶ 8. The Bureau of Prisons referred Pollock for placement at a residential reentry center on August 6, 2025. *Id*. at ¶ 10.

this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

**SO ORDERED**.

Dated: June 17, 2025         /s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE