UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES POLLOCK, Jr.,**<br><br>Petitioner,<br><br>vs.<br><br>**ERIC RARDIN,**<br><br>Respondent. | 2:24-CV-12731-TGB-APP<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 12)**<br><br>**AND MOTIONS FOR IMMEDIATE RELEASE (ECF NOS. 11 & 13)** |

Charles Pollock, Jr. ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was dismissed without prejudice, because Petitioner failed to exhaust his administrative remedies and failed to show that it would be futile to do so. *Pollock v. Rardin*, No. 2:24-CV-12731 TGB-APP, 2025 WL 1699581 (E.D. Mich. June 17, 2025). Petitioner then filed a motion for immediate release (ECF No. 11), a motion for reconsideration (ECF No. 12), and another motion for immediate release (ECF No. 13). For the reasons that follow, the motions will be **DENIED**.

To begin, motions for reconsideration of final orders and judgments are no longer permitted under Local Rule 7.1 but must be brought under Federal Rules of Civil Procedure 59(e) or 60(b). E.D. Mich. LR 7.1(h)(1); *Ackerman v. Washington*, No. CV 13-14137, 2021 WL 5782896, at *1 n. 1

(E.D. Mich. Dec. 7, 2021)(Parker, J.). Because Petitioner is proceeding pro se, the motion for reconsideration can be construed as a motion to alter or amend judgment filed under Rule 59, since both motions are analogous. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. Apr. 22, 1999)(Gadola, J.) (treating motion to alter or to amend judgment filed by a pro se habeas petitioner as a motion for reconsideration filed under Local Rule 7.1).

The decision of whether to grant a motion to alter or amend judgment under Rule 59 is discretionary. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law or newly discovered evidence, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, "[a] Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (additional quotation omitted)).

Petitioner in his motion for reconsideration acknowledges that he "relies in part" on the arguments that he raised in his reply to the Respondent's response to argue that this Court erred in dismissing his petition on exhaustion grounds. ECF No. 12, PageID.117. To the extent

2

Petitioner's motion for reconsideration presents issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court dismissed the petition for a writ of habeas corpus, he is not entitled to reconsideration of those issues. *See Hence v. Smith,* 49 F. Supp. 2d at 553.

Petitioner does not otherwise claim that the Court made a clear error of law, that there has been an intervening change in the controlling law, or newly discovered evidence warranting reconsideration. Rather, Petitioner—for the first time—argues that exhaustion should be excused because he was unable to obtain the administrative remedy forms from BOP staff. ECF No. 12, PageID.117.[1] But Petitioner did not raise or present evidence supporting the "unavailability" argument in his petition (ECF No. 1), reply (ECF No. 8), or his addendum (ECF No. 9). This problem proves fatal for Pollock, as a motion for reconsideration is generally not an appropriate vehicle for a party to raise new facts or arguments. *United States v. A.F.F.,* 144 F. Supp. 2d 809, 812 (E.D. Mich. Apr. 10, 2001)(Lawson, J.) (collecting cases). A motion to reconsider "[s]erves the limited purpose of allowing a court to correct manifest errors

---

[1] This "inability to exhaust" argument is slightly different from the argument in his initial petition which claimed it would be *futile* to exhaust given that his release date would render issues moot. The futility argument was extensively discussed—and rejected—in this Court's order dismissing Pollock's petition for failure to exhaust. *See Pollock v. Rardin*, 2025 WL 1699581, at *4-5.

3

of law or fact. A motion to reconsider should be used neither to introduce new evidence that was available during the original consideration nor to introduce new legal theories." *Carlson v. Reno,* 56 F. Supp. 2d 997, 998 (N.D. Ill. Feb. 25, 1999) (internal citation omitted). "Rule 59(e) relief is not warranted 'when [a motion] is premised on evidence that the party had in his control prior to the original entry of judgment." *Zucker v. City of Farmington Hills*, 643 Fed. Appx. 555, 567 (6th Cir. 2016).

A motion to alter or amend judgment is likewise not an opportunity to re-argue a case, and parties should not use such motions "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indian v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted). The reason for this is that "Rule 59(e) motions are aimed at *re* consideration, not initial consideration." *Id.* (citation omitted). Arguments raised for the first time by a party in a motion for reconsideration "ought not to be entertained unless there is a credible showing why the argument could not have been raised previously." *United States v. A.F.F.*, 144 F. Supp. 2d at 813. In addition, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio Nov. 6, 2002).

Pollock's new "unavailability of remedy" argument and the evidence he provided in support were not presented before judgment in this case, though they were available to Petitioner before that time. Thus, this

4

Court cannot entertain Petitioner's unavailability argument being raised for the first time in his motion for reconsideration.

Moreover, even if the Court *could* entertain Petitioner's new "unavailability" argument, Pollock would still not be entitled to relief. Pollock alleges that he filed directly to the Bureau of Prisons' Regional Office four times "after many failed attempts, some in person, to obtain" grievance forms (also known as "BP" forms) from Unit Team Staff. ECF No. 12, PageID.117. He alleges "there are some thirteen (13) documented attempts in Petitioner's efforts to obtain BPs." *Id.* (citing Pet. Exs. 10-16, 20-23).

But a review of many of those "documented attempts" shows that they do not actually request BP forms and/or address issues that are different from the FSA credit calculation originally raised in this habeas case. *See, e.g.*, Pet. Ex. 17, ECF No. 12, PageID.139 (asking for his risk assessment to enroll in certain classes); Pet. Ex. 18, ECF No. 12, PageID.140 (asking the "B Unit Team" to share the FSA credit calculator tool to case managers); Pet. Ex. 20, ECF No. 12, PageID.142 (asking the Regional Office for his fingerprint impressions to obtain his criminal history report); Pet. Ex. 21, ECF No. 12, PageID.143 (asking the Regional Office for his birth certificate and $10.00 to be returned to his account).

The "documented attempts" that relate to the calculation of Pollock's prerelease date show that the process *is* available to him—albeit slower than he would like—and therefore such attempts do not excuse

5

his failure to exhaust administrative remedies. Pollock filed written "cop-outs"[2] about his prerelease date to BOP staff members on October 10 and November 26, 2024, and requested to receive BP forms—though it is not clear what for—between December 19, 2024 and January 5, 2025. Pet. Exs. 3-4, ECF No. 8, PageID.75-76; Pet. Exs. 22-23, ECF No. 12, PageID.144-45; Pet. Exs. 15-16, ECF No. 12, PageID.137-38. He complained to the Regional Office on October 22, 2024 regarding a seemingly different matter that "to obtain a BP-9 or a response to a written cop-out here at Milan is next to impossible if not impossible" and that he "NEVER received a response from anything [he has] filed here." Pet. Ex. 21, ECF No. 12, PageID.143. But Pollock admitted in his motion for reconsideration that "[a]fter multiple complaints-filings to the Regional Office, [he] did receive some BP forms." ECF No. 12, PageID.117. He also admitted that he received a response to a BP-8 dated December 20, 2024 and thereafter asked Warden Rardin to complete the BP-9 via email on January 3, 2025. Pet. Ex. 15, ECF No. 12, PageID.136. Thus, the evidence Petitioner provided does not sufficiently support his conclusory allegation that the administrative remedy was or is unavailable to him.

---

[2] A "cop-out" is an informal procedure which is officially called an "Inmate Request to Staff" or a BP–AO148. *See Schaefer v. Bezy*, 435 F. App'x 550, 551 (7th Cir. 2011).

For the foregoing reasons, Pollock's motion for reconsideration (ECF No. 12) is **DENIED**. Because the Court declined to grant habeas relief to Petitioner, his motions for immediate release (ECF Nos. 11 & 13) are **DENIED AS MOOT**. *See Schmanke v. Hemingway*, No. 02-CV-40028-FL, 2002 WL 34230308, at *6 (E.D. Mich. Sep. 30, 2002)(Gadola, J.) (holding that "[a]s Petitioner is not entitled to habeas relief on his substantive claims, most of his various pending motions are moot," including his three pending motions for immediate release).

Accordingly, it is hereby **ORDERED** that the Motions for Immediate Release (ECF Nos. 11 & 13) and the Motion for Reconsideration (ECF No. 12) are **DENIED**.

**SO ORDERED**.

Dated: October 27, 2025      /s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE